UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 05-022-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN BLAYNE TACKETT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 27, 2006, Defendant John Blayne Tackett was sentenced to two consecutive terms of imprisonment for his involvement in two conspiracies to distribute large quantities of marijuana in the Eastern District of Kentucky. In the first action (Pikeville Criminal Action No. 7: 05-07-DCR) Tackett was sentenced to a term of imprisonment of 140 months. In the second action (Pikeville Criminal Action No. 7: 05-22-DCR), Tackett received a 40-month consecutive sentence. Assuming good behavior, Tackett is currently scheduled for release on November 11, 2018. (*See* Federal Bureau of Prison's Inmate Locator Service at: www.bop.gov/inmateloc/, last visited November 23, 2015.)

On November 18, 2015, Tackett, by counsel, moved for a reduction of his sentence in the second case under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 30] Tackett has not sought a sentence reduction of the 140-month term of incarceration imposed in Pikeville Criminal Action No. 7: 05-07-DCR. Therefore, the issue presented is whether a reduction of the 40-month term is warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553.

In support, Tackett's counsel properly asserts that a sentence reduction is available under the above-referenced statutory provision and actions of the United States Sentencing Commission.  Further, he contends that Tackett is a non-violent offender with a strong work ethic and is capable of maintaining steady employment when released.  In fact, counsel attached a letter indicating that employment is available to Tackett is he is released early.  However, after reviewing this matter, the Court concludes that a reduction of Tackett's sentence is wholly inappropriate under the circumstances presented.  Lack of employment did not lead to Tackett's incarceration.  And the factors that led to imposition of a substantial term of incarceration have not diminished during the time Tackett has spent in custody.  In short, when the Court again reviews the facts of this case in light of 18 U.S.C. § 3553(a), it reaches the same conclusion that was reached during the original sentencing hearing; that is, a total term of incarceration of 180 months in both related cases is sufficient for the crimes committed.  However, this term is not greater than necessary when all relevant sentencing factors are considered.

The Offense Conduct section of Tackett's Presentence Investigation Report ("PSR") outlines in great detail the nature of the defendant's involvement in the drug conspiracies in issue.  The conspiracies involved a number of individuals located both within and outside this judicial district.  At the outset, most of the marijuana was sold through a used car dealership operated by Phil Dee Mullins.  Mullins had been convicted of trafficking marijuana in 1994.  However, following his release from imprisonment, he returned to selling the drug.  Intially, Mullins was selling approximately one to three pounds each week.  He used Defendant Tackett and others as sources of supply.  Over time, Mullins because dissatisfied with one of his supplier and was in need of increasing the amount of marijuana

he was selling in the area. As a result, Mullins asked Tackett to utilize his associations in the cockfighting industry to find other sources of supply. Tackett readily agreed and assisted in brokering additional marijuana from sources in Texas and Mexico.

Pikeville Criminal Action No. 7: 05-07-DCR involved a conspiracy to distribute marijuana and launder drug proceeds during the period January 2001 through June 8, 2004. With regard to this conspiracy, and as noted in paragraph 18 of Tackett's PSR,

> A conservative estimate of the total amount of marijuana delivered to the [Phil Mullins'] car lot and then distributed into the community has been cited as 1,000 kilograms. The resulting proceeds from this drug conspiracy has been approximated as $3,000,000. These monies were subsequently transported across state lines to the sources of supply in Texas and Mexico in sums greater than $10,000.

[Record No. 26, ¶ 18]

In January 2004, law enforcement seized 900 pounds of marijuana which was intended to be delivered to members of the conspiracy. Tackett was connected to this delivery through the driver's cellular telephone. Thereafter, in June 2004, Tackett approached Roger Cantrell, another member of the drug conspiracy, and asked Cantrell to store an additional 800 pounds of marijuana at his residence for a short period of time.

Law enforcement executed search warrants at the residences of several conspirators beginning in June 2004. While $448,000 in United States currency and 300 pounds of marijuana were discovered and confiscated at several locations, nothing of substance was recovered in connection with the search of Tackett's residence. However, following execution of the June 2004 search warrants, Tackett began cooperating with law enforcement around this time with regard to a 1,000 pound shipment of marijuana which had been

diverted to Virginia.  Thereafter, in December 2004, Tackett assisted law enforcement by wearing a hidden audio recording device during conversations with Cantrell.

Unfortunately, and despite his agreement to assist law enforcement, Tackett could not avoid further involvement in the drug trade.  This led to the second charges filed in Pikeville Criminal Action No. 7: 05-22-DCR.  This conspiracy involved the period beginning in July 2004 and continuing through July 7, 2005.

In early 2005, a confidential informant advised law enforcement that, following his arrest in the first criminal matter, Tackett continued to receive shipments of marijuana from another source. The informant stated that another co-defendant, Kenneth Anderson, assisted Tackett in storing and distributing these shipments in southeastern Kentucky.  [*Id*., at ¶ 52] At least one shipment of 440 pounds was involved in this second conspiracy.

The 2005 edition of the United States Sentencing Guidelines were used to calculate Tackett's non-binding range of imprisonment which exceeded the statutorily-required mandatory term of 120 months for his conviction to Count 1 in Pikeville Criminal Action No. 7: 05-07-DCR.  Under § 3D1.2(d), two counts were eligible for grouping (*i.e*., the conspiracy counts in each criminal action).  Therefore, because the defendant's criminal activity involved more than 1,000 kilograms but less than 3,000 kilograms of marijuana, the Base Offense Level was determined to be 32.[1]  This calculation was increased seven levels based on the fact that Tackett committed the second offense while on release in the first case, and as a result of his leadership role in the conspiracies.  Additionally, Tackett received a two-level increase in his offense level as a result of his money laundering conviction.  The

---

[1]  The marijuana included in the second case did not increase the Base Offense Level. Thus, it had no real impact on the guideline calculation.

resulting Adjusted Offense Level of 41 was reduced three levels to level 38 based on Tackett's acceptance of responsibility. This created a non-binding range of imprisonment of 235 to 293 months, but subject to the mandatory minimum term of 120 months imprisonment being imposed for the conviction to Count 1 in Pikeville Criminal Action No. 7: 05-07-DCR and a mandatory minimum term of imprisonment of 60 months for the conviction to Count 1 in Pikeville Criminal Action No. 7: 05-22-DCR.[2]

Based on Tackett's cooperation with the United States regarding its investigation and prosecution of others, the government requested a substantial reduction in Tackett's total sentence. After sustaining the United States' motion, the Court ultimately imposed a term of imprisonment of 140 months in Pikeville Criminal Action No. 7: 05-07-DCR and a consecutive term of 40 months in Pikeville Criminal Case No. 7: 05-22-DCR. Thus, Tackett was sentenced to serve a total of 180 months for his criminal conduct in both cases. Following amendment to the drug tables in § 2D1.1 of the 2014 edition of the United States Sentencing Guidelines, the Base Offense Level for drug activity involving between 1,000 kilograms and 3,000 kilograms of marijuana would be 30. Thus, if Tackett's motion were granted, his reduced guideline range would be 188 to 235 months of imprisonment. However, a further reduction of the sentence originally imposed would be wholly inappropriate under the facts presented.[3]

---

[2]   As outlined in paragraph 126 of Tackett's PSR, under § 2J1.7 of the guidelines, commentary note #2, when determining the "total punishment", the Court should issue separate consecutive sentences.

[3]   If Tackett's conviction in Pikeville Criminal Action 7: 05-22-DCR were considered without regard to the conviction in the companion case, a drug quantity of 440 pounds (199.58 kilograms) would result in a Base Offense Level of 24. He would still receive a leadership enhancement of 4 levels. After reducing the Adjusted Offense Level of 28 by three levels for

Although Tackett is affected by substance abuse and several health issues, he has a history of being employed in legitimate occupations. However, on several occasions he has simply chosen illegal sources of income. Thus, while Tackett represents that he has employment available to him if released in the near future, there is no indication that he will not return to his old ways and habits. As a family member indicated to the probation officer responsible for preparation of the defendant's PSR, Tackett simply chooses to associate with the wrong people. And as outlined above, during a time when legal compliance would help him the most, Tackett chose to double-cross investigators and continue his drug distribution business.

Tackett has received the benefit of a greatly-reduced sentence as a result of his cooperation with law enforcement. However, at this point, a reduced sentence would also fail to provide sufficient punishment for Tackett's very serious crimes. Tackett played a significant leadership role in two large drug distribution schemes. Again, this role provides some indication that Tackett may return to criminal activity when released. In this regard, the danger to the community weighs against reducing Tackett's sentence.

Likewise, factors of general and specific deterrence would not be served by a reduced sentence. In fact, after again reviewing all relevant factors of 18 U.S.C. § 3553(a), the Court concludes that no single factor favors releasing Tackett before he serves the original term of

---

acceptance of responsibility, Tackett would have a non-binding range of 60 to 71 months because he would still be subject to a mandatory minimum term of 60 months of imprisonment for the offense of conviction. The current version of the United States Guideline Manual allows the Court to consider what would be the otherwise applicable guideline range (here, 57 to 71 months) if the defendant receives the benefit of a motion for cooperation from the government. *See* U.S.S.G. 1B1.10(c). However, even if the starting point were 57 to 71 months, the Court would not reduce Tackett's sentence for his conviction in Pikeville Criminal Action No. 7: 05-22-DCR to a term less than 40 months. Any further reduction would not be warranted under the facts of this case.

imprisonment imposed by this Court. Finally, the Court has considered the high costs of incarceration but finds that cost does not outweigh the other factors outlined herein.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant John Blayne Tackett's "Motion Seeking A Reduction in Sentence Due to Retroactive Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2), and U.S.S.G. Amendment 782" [Record No. 30] is **DENIED**.

This 23rd day of November, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge